MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    NATASHA OELTJEN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.:  (212) 637-2769


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
ABUBAKR MOHAMED,                                        :

                       Plaintiff,                     :

                  - v. -                              :

FEDERAL BUREAU OF INVESTIGATION ("FBI");      :
ROBERT S. MUELLER, III, Director, FBI;
MARK J. MERSHON, Assistant Director in Charge,   :
New York Field Office, FBI; U.S. CITIZENSHIP AND
IMMIGRATION SERVICES ("USCIS"); ANDREA        :
QUARANTILLO, District Director, New York District,
USCIS; District Director, USCIS Omaha Field Office;    :
MICHAEL CHERTOFF, Director, U.S. Department of
Homeland Security,                                     :

                   Defendants.                    :
------------------------------------------------------------------------x

<u>ANSWER</u>

07 Civ. 10489 (SHS)

ELECTRONICALLY FILED

      Defendants Federal Bureau of Investigation ("FBI"), Robert S. Mueller, III, Director of the

FBI, Mark J. Mershon, Assistant Director in Charge of the FBI, United States Citizenship and

Immigration Services ("USCIS"); Andrea Quarantillo, District Director of USCIS' New York

District, District Director of USCIS' Omaha Field Office, and Michael Chertoff, Director of the U.S.

Department of Homeland Security ("DHS") (collectively, "defendants" or "Government"), by their

attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint for mandamus and/or mandatory injunction of plaintiff Abubakr Mohamed ("plaintiff" or "Mohamed"), upon information and belief, as follows:

1.      Neither admit nor deny the allegations in paragraph 1 of the complaint because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to which no responsive pleading is required; except admit that plaintiff submitted an application ("naturalization application" or "N-400 application") to USCIS on October 17, 2003 seeking to become a naturalized citizen of the United States, pursuant to §§ 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 & 1427, which remains pending. To the extent that a further response to the allegations in paragraph 1 is required, defendants deny the allegations.

2.      Neither admit nor deny the allegations in paragraph 2 of the complaint because they constitute plaintiff's characterization of this action, prayer for relief, and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes cited for accurate statements of their provisions.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint; except admit that (1) plaintiff is a citizen of Sudan; (2) plaintiff has been assigned A# 46-133-250; (3) on October 17, 2003, plaintiff filed a naturalization application with USCIS' Lincoln Service Center in Lincoln, Nebraska; (4) on March 22, 2004, the Omaha District Office of USCIS interviewed plaintiff in connection with his naturalization application; and (5) the naturalization application remains pending.  In further response to the allegations in paragraph 3, defendants aver that plaintiff is not statutorily eligible to be considered

for naturalization until USCIS has completed its examination of plaintiff, which includes a mandatory investigation into plaintiff's background by the FBI.  <u>See</u> Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1998, Pub. Law 105-119, Title I, 111 Stat. 2440, 2448 (Nov. 26, 1997) (providing former Immigration and Naturalization Service "shall [not] complete adjudication of an application for naturalization unless [it] has received confirmation from the [FBI] that a full criminal background check has been completed").

     4.     Admit the allegations in paragraph 4 of the complaint.

     5.     Admit the allegations in paragraph 5 of the complaint.

     6.     Admit the allegations in paragraph 6 of the complaint.

     7.     Admit the allegations in paragraph 7 of the complaint.

     8.     Admit the allegations in paragraph 8 of the complaint.

     9.     Admit the allegations in paragraph 9 of the complaint; and aver that Caroline Pratt is the District Director of USCIS' Omaha Service Center.

     10.     Admit the allegations in paragraph 10 of the complaint.

     11.     Admit the allegations in paragraph 11 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was "told at the conclusion of the interview that his application would likely be approved."

     12.     Deny knowledge or information sufficient to form a belief as to the truh of the allegations in paragraph 12 of the complaint, except admit that USCIS sent plaintiff the letter referenced therein (and annexed to the complaint as Exhibit A), and respectfully refer the Court to that document for an accurate statement of its contents.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14.    Neither admit nor deny the allegations in paragraph 14 of the complaint because they constitute plaintiff's characterization of this action and/or prayer for relief, to which no responsive pleading is required.

15.    Neither admit nor deny the allegations in paragraph 15 of the complaint because they constitute plaintiff's characterization of the action and/or conclusions of law, to which no responsive pleading is required; and respectfully refer the Court to the statutes and judicial decisions cited therein for accurate statements of their contents.  In further response to the allegations in paragraph 15, defendants aver that none of the statutory provisions cited therein independently confers subject matter jurisdiction over this action.

16.    Admit the allegations in paragraph 16 of the complaint, and respectfully refer the Court to the statute cited therein for an accurate statement of its provisions.

17.    Neither admit nor deny the allegations in paragraph 17 of the complaint because they constitute plaintiff's characterization of the action, prayer for relief, and/or conclusions of law, to which no responsive pleading is required; except denies that defendants have "failed to adjudicate [plaintiff's] N-400 in a timely manner, causing him injury."  To the extent that a further response to the allegations in paragraph 17 is required, defendants deny the allegations.

<u>AS AND FOR A FIRST DEFENSE</u>

The Court lacks jurisdiction over the subject matter of this action.

<u>AS AND FOR A SECOND DEFENSE</u>

Plaintiff's claims are unripe for review.

- 4 -

<u>AS AND FOR A THIRD DEFENSE</u>

Plaintiff has failed to exhaust administrative remedies.

<u>AS AND FOR A FOURTH DEFENSE</u>

The complaint fails to state a claim upon which relief can be granted.

<u>AS AND FOR A FIFTH DEFENSE</u>

Plaintiff has failed to show that he is owed a peremptory duty that defendants have refused to perform.

<u>AS AND FOR A SIXTH DEFENSE</u>

The length of time that plaintiff's naturalization application has been pending is attributable to plaintiff's own actions.

<u>AS AND FOR A SEVENTH DEFENSE</u>

Plaintiff is not statutorily eligible for naturalization until USCIS has completed its examination of plaintiff, including an investigation into plaintiff's background by the FBI.

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
       January 22, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants


By:    /s/_____

NATASHA OELTJEN
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York  10007
Tel. No.:  (212) 637-2769
Natalia.Oeltjen@usdoj.gov


TO:    DANIEL SHABASSON
       POLLACK, POLLACK, ISAAC & DECICCO
       Attorney for Plaintiff
       225 Broadway, Suite 307
       New York, New York 10007
       Tel. No.: (212) 233-8100
       dss@ppid.com

- 6 -